Joseph A. Petnel v. Commissioner.
Petnel v. Commissioner
Docket No. 39267.
United States Tax Court
1953 Tax Ct. Memo LEXIS 228; 12 T.C.M. (CCH) 595; T.C.M. (RIA) 53189; May 29, 1953
*228 Joseph A. Petnel, 598 3rd Avenue, Troy, N. Y., pro se. Charles M. Greenspan, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined a deficiency of $2,140.48 in petitioner's income tax liability for the year 1949. In an amendment to his answer herein, respondent asserted an additional deficiency of $8,350.51. As ultimately presented, the issue turned on whether respondent had sustained his burden of proof as to the increased deficiency. Findings of Fact Petitioner is an individual residing in Troy, New York. Petitioner and his wife filed a joint Federal income tax return for the year in controversy with the collector for the fourteenth district of New York. In the year 1932, petitioner submitted to the General Electric Company his ideas concerning the construction of a multiple filament, three-level illumination electric light bulb. In or about 1940, petitioner instituted an action against the General Electric Company, asking for an injunction and an accounting based on the company's entire profits from sales of its multiple filament lamp. That action was set for trial in the Supreme Court of the State of *229 New York for the County of Rensselaer in the year 1949. The action was terminated following payment by the company of $150,000 in settlement thereof. Petitioner received a net sum of $45,000 from the total settlement payment in the year 1949. On November 17, 1951, prior to his receipt of the Statutory Notice of Deficiency, petitioner mailed a check for $596.05, payable to the "Collector of Internal Revenue," to respondent's offices in Washington, D.C. On November 29, 1951 the deficiency notice was mailed. Receipt of the check was acknowledged in a letter dated December 5, 1951. The check was subsequently cashed by respondent. Petitioner's returns for the years 1947, 1948 and 1949 showed no tax liability. Respondent's auditor had no basis from which to determine the extent of petitioner's exemptions and deductions. Opinion Both parties having moved for judgment at the conclusion of the hearing, decision was handed down from the bench, , as though the consequence was a jury verdict. . The burden of proving an increased deficiency rested upon *230 respondent because the question was first raised by amended answer. Rule 32, Rules of Practice Before the Tax Court of the United States. This burden he failed to discharge. And certainly petitioner's tax returns, introduced as respondent's exhibits and withdrawn by him, cannot be viewed as having significance in his eyes in view of his failure to return them to the Tax Court, and further, of the absence of any request for a finding based upon them. From the figures then appearing, the decision was that there remained due from petitioner as a deficiency, the amount of $1,613. Leave was granted to the parties, however, over petitioner's objection to submit proposed findings of fact and it now appears that the proper deficiency still due might have been $2,140.48 less the $596.05 collected subsequent to the mailing of the deficiency notice, namely, $1,544.43. Petitioner was nevertheless, apparently satisfied with the slightly higher figure. Accordingly, Decision will be entered that there is now a deficiency in income tax for the year 1949 in the amount of $1,613.